UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                            )

In re:                                         )        Chapter 7

Robert Cameron Howard and Jennifer Williams   )        Case No. 09-22557-rdd
Howard,

                 Debtors.
-------------------------------------------------------------x
S&T Bank,
                                       A.P. No. _____

                 Plaintiff,

    -vs.-

Robert Cameron Howard,
Jennifer Williams Howard, and
Drake Smith Associates, LLC,

                 Defendants.
-------------------------------------------------------------x

## COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

        Plaintiff S&T Bank, by its attorneys Phillips Lytle LLP, for its complaint against the defendants, alleges as follows:

## PARTIES

        1.     Plaintiff S&T Bank ("Bank") is a financial institution organized under the laws of the Commonwealth of Pennsylvania with an address at 800 Philadelphia Street, Indiana, Pennsylvania 15701.

        2.     Upon information and belief, at all times hereinafter mentioned, defendant Robert Cameron Howard ("Robert Howard") was and is an individual residing in the County of Westchester and State of New York.

3. Upon information and belief, at all times hereinafter mentioned, defendant Jennifer Williams Howard ("Jennifer Howard") was and is an individual residing in the County of Westchester and State of New York.

4. Robert Howard and Jennifer Williams Howard are sometimes hereinafter collectively referred to as the "Debtors".

5. Upon information and belief, defendant Drake Smith Associates, LLC ("Drake Smith") is a New York limited liability company with an address at 9 Hunter Lane, Rye, New York 10580.

## JURISDICTION AND VENUE

6. On April 9, 2009, the Debtors filed a joint petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York under Case No. 1-09-22557-rdd ("Case").

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157.

8. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523.

9. This is a "core" proceeding under the provisions of 28 U.S.C. § 157.

10. Venue of the Case and this adversary proceeding is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

11. Upon information and belief, Robert Howard, individually and as the principal of various limited liability companies, is in the business of building and/or renovating residential real property in Westchester County, New York.

12. Robert Howard has been an established customer of the Bank for approximately 10 years.

13. During that period, the Bank from time to time provided Robert Howard with construction loans to finance Robert Howard's residential construction projects.

14. Prior to the events discussed below, the Bank's business relationship with Robert Howard was successful and mutually beneficial.

### The Bank's Construction Loan to the Debtors

15. On December 5, 2006, the Bank and the Debtors entered into a Construction Loan Commitment and Agreement ("Locust Avenue Agreement"). A copy of the Locust Avenue Agreement is attached as **Exhibit A**.

16. Pursuant to the Locust Avenue Agreement, the Bank agreed to make a loan to the Debtors in the principal amount of $3,000,000 ("Locust Avenue Loan") to finance the construction of residential property located at 190 Locust Avenue, Rye, New York 10580 ("Locust Avenue Property").

17. To evidence the indebtedness under the Locust Avenue Agreement, the Debtors executed a promissory note dated December 22, 2006 ("Locust Avenue Note") in favor of the Bank in the principal amount of $3,000,000 plus interest, costs and expenses ("Locust Avenue Indebtedness"). A copy of the Locust Avenue Note is attached as **Exhibit B**.

18. The Debtors executed and delivered to the Bank a mortgage dated December 22, 2006 ("Locust Avenue Mortgage"), which encumbers the Locust Avenue Property and secures, among other things, repayment of the Locust Avenue Note. A copy of the Locust Avenue Mortgage is attached as **Exhibit C**.

19. The Locust Avenue Mortgage was recorded in the Westchester County Clerk's Office on February 21, 2007, and assigned control number 470310725.

20. Upon information and belief, Grace Associates, LLC ("Grace") acted as general contractor of the Locust Avenue Property project.

21. Upon information and belief, Robert Howard owns 80% of the membership interests in Grace.

**Funds Advanced under Locust Avenue Agreement**

22. The Locust Avenue Agreement provided that, as the construction work progressed, the proceeds of the Locust Avenue Loan would be advanced periodically by the Bank upon Debtors' request, based upon the progress of the construction project.

23. Between January 31, 2007 and September 8, 2008, Robert Howard made nine written advance requests under the Locust Avenue Agreement, totaling $1,621,772 ("Locust Avenue Advance Request(s)"), as follows:

| Request Date | Amount | Project | Account Number |
|---|---|---|---|
| 1/31/07 | $150,718.80 | 190 Locust Avenue | Personal 3000121057 |
| 6/28/07 | $234,718.80 | 190 Locust Avenue | Personal 3000121057 |
| 9/7/07 | $208,859.80 | 190 Locust Avenue | Personal 3000121057 |
| 11/9/07 | $237,250.00 | 190 Locust Avenue | Personal 3000121057 |
| 4/21/08 | $122,898.50 | 190 Locust Avenue | Personal 3000121057 |
| 5/22/08 | $114,429.70 | 190 Locust Avenue | Personal 3000121057 |
| 7/8/08 | $399,519.60 | 190 Locust Avenue | Personal 3000121057 |
| 8/12/08 | $122,818.98 | 190 Locust Avenue | Personal 3000121057 |
| 9/8/08 | $30,557.82 | 190 Locust Avenue | Personal 3000121057 |
|  | $1,621,772.00 |  |  |

Copies of the Locust Avenue Advance Requests are attached as **Exhibit D**.

24. Each Locust Avenue Advance Request was signed by Robert Howard.

25. Each Locust Avenue Advance Request was supported by an Application and Certification for Payment (AIA Document 6702) ("Locust Avenue Certification(s)") signed

- 4 -

by Grace, as Contractor, and purportedly signed by an architect who inspected the Locust Avenue Property.

26. Each Locust Avenue Advance Request is further supported by a Construction Loan Draw Application ("Locust Avenue Draw Application(s)" and together with the Locust Avenue Certifications, the "Locust Avenue Supporting Document(s)").

27. The Locust Avenue Supporting Documents purported to show, among other things, the cost of work completed on, and the cost of materials incorporated into, the Locust Avenue Property as of the date of the applicable Locust Avenue Advance Request.

28. The Bank subsequently learned that Robert Howard's representations in the Locust Avenue Advance Requests and Locust Avenue Supporting Documents regarding construction work that had been completed at the Locust Avenue Property were materially false.

29. The construction work referenced in the Locust Avenue Advance Requests and Locust Avenue Supporting Documents was not, in fact, completed.

30. At all times relevant herein, no significant construction work was completed at the Locust Avenue Property.

31. Upon information and belief, Robert Howard <u>did not</u> retain an architect to inspect the Locust Avenue Property in connection with any Locust Avenue Advance Request.

32. Upon information and belief, the purported architect's signature on each Locust Avenue Certification is a forgery.

33. Relying on each of the Locust Avenue Advance Requests and the Locust Avenue Supporting Documents, unaware of the material misrepresentations made by Robert Howard, the Bank disbursed to the Debtors the funds requested in each Locust Avenue Advance Request.

**The Bank's Construction Loan to Drake Smith**

34. Upon information and belief, the Debtors own 40% of the membership interests in Drake Smith.

35. Upon information and belief, Robert Howard is, or at all relevant times, was, the Managing Member of Drake Smith.

36. On January 19, 2007, the Bank and Drake Smith entered into a Construction Loan Agreement ("Drake Smith Agreement"). A copy of the Drake Smith Agreement is attached as **Exhibit E**.

37. Pursuant to the Drake Smith Agreement, the Bank agreed to make a loan to Drake Smith in the principal amount of $3,000,000 ("Drake Smith Loan") to finance the construction of residential property located at 110 Drake Smith, Rye, New York 10580 ("Drake Smith Property").

38. To evidence the indebtedness under the Drake Smith Agreement, Drake Smith executed a promissory note dated January 19, 2007 ("Drake Smith Note") in favor of the Bank in the principal amount of $3,000,000 plus interest, costs and expenses ("Drake Smith Indebtedness", and collectively with the Locust Avenue Indebtedness, the "Indebtedness"). A copy of the Drake Smith Note is attached as **Exhibit F**.

39. Drake Smith executed and delivered to the Bank a mortgage dated January 19, 2007 ("Drake Smith Mortgage"), which encumbers the Drake Smith Property and secures, among other things, repayment of the Drake Smith Note. A copy of the Drake Smith Mortgage is attached as **Exhibit G**.

40. The Drake Smith Mortgage was recorded in the Westchester County Clerk's Office on March 9, 2007, and assigned control number 470580847.

41. The Debtors executed and delivered to the Bank a Commercial Guaranty dated January 19, 2009, guarantying the payment of all indebtedness owed by Drake Smith to the Bank (the "Guaranty"). A copy of the Guaranty is attached as **Exhibit H**.

### Funds Advanced under Drake Smith Agreement

42. The Drake Smith Agreement provided that the proceeds of the Drake Smith Loan would be advanced periodically by the Bank upon Drake Smith's application, based upon the progress of the construction project.

43. The Drake Smith Agreement further provided that Drake Smith was permitted to "apply only for disbursement with respect to work actually done by the General Contractor and for materials and equipment actually incorporated into the" Drake Smith Property.

44. Between January 31, 2007 and September 8, 2008, Robert Howard, acting on behalf of Drake Smith, made nine written advance requests under the Drake Smith Agreement, totaling $ 1,636,649.40 ("Drake Smith Advance Request(s)"), as follows:

| Request Date | Amount | Project | Account Number |
|---|---|---|---|
| 1/31/2007 | $153,997.60 | 110 Drake Smith Lane | Drake Smith 3001544067 |
| 3/20/2007 | $123,998.00 | 110 Drake Smith Lane | Drake Smith 3001544067 |
| 6/28/2007 | $225,998.80 | 110 Drake Smith Lane | Personal 3000121057 |
| 9/7/2007 | $250,000.00 | 110 Drake Smith Lane | Drake Smith 3001544067 |
| 10/30/2007 | $253,697.00 | 110 Drake Smith Lane | Personal 3000121057 |
| 4/21/2008 | $117,898.80 | 110 Drake Smith Lane | Appo 3000385918 |
| 5/22/2008 | $147,000.00 | 110 Drake Smith Lane | Appo 3000385918 |
| 7/8/2008 | $333,759.80 | 110 Drake Smith Lane | Personal 3000121057 |
| 9/8/2008 | $30,299.40 | 110 Drake Smith Lane | Drake Smith 3001544067 |
| | $1,636,649.40 | | |

Copies of the Drake Smith Advance Requests are attached as **Exhibit I**.

45. Each Drake Smith Advance Request was signed by Robert Howard.

- 7 -

46. Each Drake Smith Advance Request was supported by an Application and Certification for Payment (AIA Document 6702) ("Drake Smith Certification(s)") signed by Grace, as Contractor, and purportedly signed by an architect who inspected the Drake Smith Property.

47. Each Drake Smith Advance Request is further supported by a Construction Loan Draw Application ("Drake Smith Draw Application(s)" and together with the Drake Smith Certifications, the "Drake Smith Supporting Document(s)").

48. The Drake Smith Supporting Documents purported to show, among other things, the cost of work completed on, and the cost of materials incorporated into, the Drake Smith Property as of the date of the applicable Drake Smith Advance Request.

49. The Bank subsequently learned that representations made by Robert Howard and/or Drake Smith in the Drake Smith Advance Requests and Drake Smith Supporting Documents regarding construction work that had been completed at the Drake Smith Property were materially false.

50. The construction work referenced in the Drake Smith Advance Requests and Drake Smith Supporting Documents was not, in fact, completed.

51. At all times relevant herein, no significant construction work was completed at the Drake Smith Property.

52. Upon information and belief, Drake Smith <u>did not</u> retain an architect to inspect the Drake Smith Property in connection with any Drake Smith Advance Request.

53. Upon information and belief, the purported architect's signature on each Drake Smith Certification is a forgery.

54. Relying on each of the Drake Smith Advance Requests and the Drake Smith Supporting Documents, unaware of the material misrepresentations made by Robert Howard and/or Drake Smith, the Bank disbursed to Drake Smith and/or Robert Howard the funds requested in each Drake Smith Advance Request.

### AS AND FOR A FIRST CLAIM AGAINST THE DEBTORS
### UNDER BANKRUPTCY CODE SECTION 523(a)(2)

55. Paragraphs 1 through 54 are realleged.

56. Robert Howard requested and obtained advances on the Locust Avenue Agreement by making false representations regarding the work completed at the Locust Avenue Property.

57. Robert Howard intentionally and falsely represented that certain construction work had been completed at the Locust Avenue Property as of the date of each Locust Avenue Advance Request by submitting materially false Locust Avenue Supporting Documents and forged Locust Avenue Certifications.

58. Robert Howard had actual knowledge that the construction work referenced in each Locust Avenue Advance Request and the Locust Avenue Supporting Documents was not completed.

59. The Bank reasonably relied on Robert Howard's false representations in disbursing to the Debtors the funds requested in each Locust Avenue Advance Request.

60. As co-borrower under the Locust Avenue Agreement and co-owner of the Locust Avenue Property, Jennifer Howard had actual knowledge of, or should have known of, or was recklessly indifferent to, the fraud perpetrated by Robert Howard.

61. The funds disbursed by the Bank to the Debtors in connection the Locust Avenue Advance Requests were obtained by false pretenses, false representations and actual fraud within the meaning of 11 U.S.C. § 523(a)(2).

62. The amount owed by the Debtors to the Bank in connection with Locust Avenue Agreement is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2).

**AS AND FOR A SECOND CLAIM AGAINST THE DEBTORS
UNDER BANKRUPTCY CODE SECTION 523(a)(6)**

63. Paragraphs 1 through 54 are realleged.

64. Robert Howard requested and obtained advances on the Locust Avenue Agreement by making false representations regarding the work completed at the Locust Avenue Property.

65. Robert Howard intentionally and falsely represented that certain construction work had been completed at the Locust Avenue Property as of the date of each Locust Avenue Advance Request by submitting materially false Locust Avenue Supporting Documents and forged Locust Avenue Certifications.

66. Robert Howard had actual knowledge that the construction work referenced in each Locust Avenue Advance Request and Locust Avenue Supporting Documents was not completed.

67. Robert Howard's fraudulent actions in connection with the Locust Avenue Advance Requests were willful and malicious.

68. The Debtors, through Robert Howard's conduct described above, willfully and maliciously injured the Bank by causing the Bank to disburse funds to the Debtors under the Locust Avenue Agreement, which the Debtors were not entitled to receive and which were not used, as intended, to enhance the value of the Bank's collateral.

69. As co-borrower under the Locust Avenue Agreement and co-owner of the Locust Avenue Property, Jennifer Howard had actual knowledge of, or should have known of, or was recklessly indifferent to, the fraud perpetrated by Robert Howard.

70. The amount owed by the Debtors to the Bank in connection with Locust Avenue Agreement is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

### AS AND FOR A THIRD CLAIM AGAINST THE DEBTORS UNDER BANKRUPTCY CODE SECTION 523(a)(2)

71. Paragraphs 1 through 54 are realleged.

72. Robert Howard, acting on behalf of Drake Smith, requested and obtained advances under the Drake Smith Agreement by making false representations regarding the work completed at the Drake Smith Property.

73. Robert Howard and Drake Smith intentionally and falsely represented that certain construction work had been completed at the Drake Smith Property as of the date of each Drake Smith Advance Request by submitting materially false Drake Smith Supporting Documents and forged Drake Smith Certifications.

74. Robert Howard and Drake Smith had actual knowledge that the construction work referenced in each Drake Smith Advance Request and the Drake Smith Supporting Documents was not completed.

75. As a co-owner of Drake Smith, Jennifer Howard had actual knowledge of, or should have known of, or was recklessly indifferent to, the fraud perpetrated by Robert Howard and Drake Smith.

76. The Bank reasonably relied on the false representations made by Robert Howard and Drake Smith in disbursing to Drake Smith and/or Robert Howard the funds requested in each Drake Smith Advance Request.

77. The funds disbursed by the Bank to Drake Smith and/or Robert Howard in connection the Drake Smith Advance Requests were obtained by false pretenses, false representations and actual fraud within the meaning of 11 U.S.C. § 523(a)(2).

78. The amount owed by the Debtors to the Bank pursuant to the Guaranty is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2).

### AS AND FOR A FOURTH CLAIM AGAINST THE DEBTORS UNDER BANKRUPTCY CODE SECTION 523(a)(6)

79. Paragraphs 1 through 54 are realleged.

80. Robert Howard, acting on behalf of Drake Smith, requested and obtained advances on the Drake Smith Agreement by making false representations regarding the work completed at the Drake Smith Property.

81. Robert Howard and Drake Smith intentionally and falsely represented that certain construction work had been completed at the Drake Smith Property as of the date of each Drake Smith Advance Request, submitting materially false Drake Smith Supporting Documents and forged Drake Smith Certifications.

82. Robert Howard and Drake Smith had actual knowledge that the construction work referenced in each Drake Smith Advance Request and Drake Smith Supporting Documents was not completed.

83. The fraudulent actions of Drake Smith and Robert Howard in connection with the Drake Smith Advance Requests were willful and malicious.

84. As a co-owner of Drake Smith, Jennifer Howard had actual knowledge of, or should have known of, or was recklessly indifferent to, the fraud perpetrated by Robert Howard and Drake Smith.

85. Robert Howard and Drake Smith willfully and maliciously injured the Bank by causing the Bank to disburse funds to Drake Smith and/or Robert Howard under the Drake Smith Agreement, which Drake Smith and/or Robert Howard were not entitled to receive and which were not used as intended, to enhance the value of the Bank's collateral.

86. The amount owed by the Debtors to the Bank pursuant to the Guaranty is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, the Bank demands judgment (i) declaring that the remaining Indebtedness due to the Bank non-dischargeable pursuant to 11 U.S.C. Section 523(a)(2) and (a)(6); (ii) awarding the Bank judgment against the defendants for the amount of the remaining Indebtedness; and (iii) awarding the Bank such other and further relief as to the Court may seem just and proper.

Dated:    Buffalo, New York
          August 3, 2009

PHILLIPS LYTLE LLP


By    s/ Angela Z. Miller
      Angela Z. Miller (AM4473)
      Allan L. Hill (AH5470)
437 Madison Avenue, 34th Fl.
New York, New York  10022
Telephone:  (212) 759-4888
  and
3400 HSBC Center
Buffalo, New York  14203
Telephone:  (716) 847-8400
Fax:  (716) 852-6100

Attorneys for S&T Bank

Doc # 01-2309756.2