| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------X<br>In re:<br><br>ROBERT CAMERON HOWARD &<br>JENNIFER WILLIAMS HOWARD,<br><br>Debtors.<br>-----------------------------------------------------------X | Return Date: June 15, 2012<br>Return Time: 10:00 a.m.<br><br>Chapter 7<br><br>Case No. 09-22557 (RDD) |

### NOTICE OF HEARING TO APPROVE SETTLEMENT AGREEMENT

TO ALL CREDITORS AND INTERESTED PARTIES:

**PLEASE TAKE NOTICE**, that a hearing pursuant to the provisions of 11 U.S.C. § 363(f) and Rule 9019 of the Federal Rules of Bankruptcy Procedure, will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at 300 Quarropas Street, Courtroom 118, White Plains, New York 10601, on June 15, 2012, at 10:00 a.m., or as soon thereafter as counsel can be heard, for an order approving a settlement agreement, more particularly described in the accompanying application, between and among (i) Mark S. Tulis, the Chapter 7 Trustee, (ii) Debtor Robert Cameron Howard, and (iii) creditors Hacienda Storage, LLC, Hacienda D. & D. LLC, Clarke Avenue Properties, LLC, Woodward Avenue Properties, LLC, Old Gate Realty, LLC, Old Gate Realty 2, LLC, 550 Halstead Corp., Halstead Lumber Co., Inc., The Hacienda Group, LLC, Mount Vernon Building Materials LLC, 129 Mount Vernon Avenue, LLC, Yorktown Lumber Co., LLC, and 202 Realty, LLC, and their officers and/or managing members, Robert G. Frahm, II and Kurt Wittek; and

**PLEASE TAKE FURTHER NOTICE**, that the Motion in support of the proposed settlement, together with the proposed settlement agreement, is on file and may be examined on the Bankruptcy Court's Electronic Case Filing System at www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE**, that the Trustee believes that the settlement is well within the range of reasonableness, it is fair, equitable and in the best interests of the estate to approve the settlement, that a public auction with its associated costs and lower returns, particularly due to the companies' limited marketability, would garner less for the estate, and since this resolution will bring into the estate the last of the Debtors' assets, approval of the proposed settlement agreement will effectively resolve the administration of this bankruptcy case and will allow the Trustee to prepare a distribution.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, shall be made in writing and shall state with particularity the grounds for the objection and must be filed with the Court and served upon the undersigned no later than 5:00 p.m. seven (7) days prior to the hearing.

**PLEASE TAKE FURTHER NOTICE**, that attendance at the hearing is not mandatory and that the hearing scheduled herein may be adjourned from time to time without any further notice to creditors or other parties in interest, other than by announcement of such adjournment in Court on the date scheduled herein for such hearing.

Dated: White Plains, New York
May 2, 2012

                                                Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP
                                                *Attorneys for the Trustee*

                                                */s/ MST*
                                                By: Mark S. Tulis (MT4736)
                                                120 Bloomingdale Road, Suite 100
                                                White Plains, New York 10605
                                                (914) 422-3900

OXMAN TULIS KIRKPATRICK  
WHYATT & GEIGER, LLP  
Attorneys for Mark S. Tulis, Chapter 7 Trustee  
120 Bloomingdale Road, Suite 100  
White Plains, New York 10605  
(914) 422-3900  

Hearing Date: **June 15, 2012 at 10:00 a.m.**  
Response Date: **June 8, 2012 at 5:00 p.m.**

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------------X  
In re:

ROBERT CAMERON HOWARD &  
JENNIFER WILLIAMS HOWARD,

     Debtors.  
-----------------------------------------------------------X

Chapter 7

Case No. 09-22557 (RDD)

## MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING SETTLEMENT AGREEMENT

TO THE HONORABLE ROBERT D. DRAIN,  
UNITED STATES BANKRUPTCY JUDGE:

Mark S. Tulis, Chapter 7 Trustee (the "Trustee") for the estate of Robert Cameron Howard ("Howard") and Jennifer Williams Howard (the "Debtors"), the debtors herein, by and through his attorneys, Oxman Tulis Kirkpatrick Whyatt & Geiger LLP, as and for his motion for entry of an Order, pursuant to section 363(f) of title 11 of the United States Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, approving a settlement agreement between and among (i) the Trustee, (ii) Debtor Howard, and (iii) creditors Hacienda Storage, LLC, Hacienda D. & D. LLC, Clarke Avenue Properties, LLC, Woodward Avenue Properties, LLC, Old Gate Realty, LLC, Old Gate Realty 2, LLC, 550 Halstead Corp., Halstead Lumber Co., Inc., The Hacienda Group, LLC, Mount Vernon Building Materials LLC, 129 Mount Vernon Avenue, LLC, Yorktown Lumber Co., LLC, and 202 Realty, LLC (collectively, the "Hacienda Group

1

Entities"), and their officers and/or managing members, Robert G. Frahm, II ("Frahm") and Kurt Wittek ("Wittek") (The Hacienda Group Entities, Frahm and Wittek are collectively referred to herein as "The Hacienda Group"), respectfully represents as follows:

## PRELIMINARY STATEMENT

1. By this motion, the Trustee seeks approval of a settlement agreement reached with creditors The Hacienda Group. The settlement resolves certain disputes between the Trustee and Mr. Howard, on the one hand, and The Hacienda Group, on the other hand, concerning Mr. Howard's ownership interests in some or all of The Hacienda Group Entities and the claims of The Hacienda Group Entities as set forth in the Proof of Claim (claim no. 26-1) The Hacienda Group filed on or about October 19, 2009 in the amount of $2,076,905. The parties reached a resolution of their disputes after engaging in a court-approved mediation through JAMS, The Resolution Experts ("JAMS"), a professional alternative dispute resolution service.

2. In sum and substance, the parties' settlement agreement resolves and releases each of the Trustee's, Mr. Howard's and The Hacienda Group's subject claims, and provides that in exchange for the transfer of Mr. Howard's ownership interests in the Hacienda Group Entities to Frahm and Wittek, The Hacienda Group (i) will pay the sum of $100,000.00 to the Trustee for the benefit of the Debtors' Estate and their creditors, and (ii) has agreed that it will not receive any distribution from the funds of the Estate on account of their Proof of Claim or otherwise. It is submitted that the terms of this settlement are reasonable and in the best interests of the Debtors' Estate and their creditors based on all the facts and circumstances of the case, and will prevent further protracted litigation, which has already cost a significant amount of attorneys' and other professionals' fees to the Debtors' Estate. Moreover, inasmuch as this resolution will

2

bring into the Estate the last of the Debtors' assets, approval of the settlement agreement will effectively resolve the administration of this bankruptcy case and will allow the Trustee to prepare a distribution.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought herein is section 363(f) of title 11 of the United States Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## FACTUAL BACKGROUND

4. The Debtors filed a voluntary petition (the "Petition") pursuant to Chapter 7 of 11 U.S.C. § 101 et. seq. on April 9, 2009.

5. Mark S. Tulis was appointed Interim Trustee on or about April 9, 2009 and thereafter qualified as permanent Trustee.

6. On or about October 19, 2009, The Hacienda Group Entities filed a Proof of Claim (claim no. 26-1) in the amount of $2,076,905 as against the Debtors' Estate (the "Proof of Claim").

7. Debtor Howard holds minority ownership interests in each of The Hacienda Group Entities. Frahm and Wittek hold all remaining legal and equitable ownership interests in The Hacienda Group Entities.

8. The Trustee, in his capacity as Chapter 7 trustee, acquired title and ownership to the Estate of the Debtors, including but not limited to all of Mr. Howard's legal and equitable

3

interests in The Hacienda Group Entities, which may be liquidated by the Trustee and the funds distributed to Mr. Howard's creditors. After the filing of the Petition, certain disputes arose between the Trustee and The Hacienda Group concerning the value of Mr. Howard's ownership interests in some or all of The Hacienda Group Entities, and the competing claims against the Debtors' Estate of The Hacienda Group Entities as set forth in the Proof of Claim.

9. The parties engaged in Rule 2004 discovery while at the same time they attempted to resolve their disputes. The parties' settlement efforts, however, were unsuccessful. Nevertheless, the parties were still desirous of settling and agreed to mediate their disputes and selected JAMS to serve as impartial mediator subject to the Court's approval. By application dated January 12, 2012, the Trustee moved for an Order authorizing the mediation and the retention of JAMS as mediator pursuant to General Order M-390 and Local Rule 9019-1. The Trustee's application was granted by Order of the Court dated January 17, 2012.

10. Thereafter, the parties attended mediation on January 24, 2012 and thereafter continued to engage in settlement discussions with JAMS's assistance, which resulted in a resolution of the parties' claims and the execution of a formal written Settlement Agreement dated as of April 16, 2012 by and between the Trustee, Debtor Howard, and The Hacienda Group (the "Settlement Agreement"). A copy of the Settlement Agreement is annexed hereto as Exhibit "A." Specifically, the Settlement Agreement resolves, and provides full general releases with respect to, the following claims:

> (i) any and all claims, causes of actions, setoffs, recoupments, and/or counterclaims that the Trustee, on behalf of the Estate or otherwise, has or may have against The Hacienda Group, including but not limited to claims relating to Mr. Howard's interests in The Hacienda Group Entities and claims seeking (a) liquidation of Mr. Howard's interests in such entities, pursuant to 11 U.S.C. § 704, (b) to direct the sale of the real property owned by one or more of such entities, pursuant to 11 U.S.C. § 363(h), and (c) to direct

4

one or more of The Hacienda Group Entities to turn over all property and monies allegedly due and owing Mr. Howard, including unpaid distributions and the return of his capital contributions, if any, pursuant to 11 U.S.C. § 542;

(ii)   any and all claims, causes of actions, setoffs, recoupments, and/or counterclaims that Mr. Howard has or may have that arise from matters or claims that may not constitute property of the Estate against one or more parties constituting The Hacienda Group, for any reason; and

(iii)  any and all claims, causes of actions, setoffs, recoupments, and/or counterclaims that The Hacienda Group may have against Mr. Howard or the Debtors' Estate or the Trustee, including but not limited to the claims, causes of actions, setoffs, recoupments, and/or counterclaims that are the subject of the Proof of Claim.

11.   With respect to consideration, the Settlement Agreement provides that (pursuant to section 363(f) of title 11 of the United States Code) the Trustee will transfer and assign 100% of Mr. Howard's ownership interests in the Hacienda Group Entities to Frahm and Wittek free and clear of any and all liens, charges, security interests, encumbrances and adverse claims, and will execute such documents as Frahm and Wittek shall reasonably require in order to effect such transfers and assignment, including contemporaneously executing a certain Assignment of Shareholder and Membership Interests dated as of April 16, 2012. As consideration for the transfer of Mr. Howard's ownership interests in the Hacienda Group Entities to Frahm and Wittek and the releases detailed herein, the Settlement Agreement provides (i) that The Hacienda Group will pay the sum of One Hundred Thousand and 00/100 ($100,000.00) Dollars to the Trustee for the benefit of the Debtors' Estate and their creditors (which sums have since been paid to the Trustee and are being held in escrow pending Court approval of the Settlement Agreement), and (ii) that The Hacienda Group will not receive any distribution from the funds of the Estate on account of the Proof of Claim or otherwise.

## APPROVAL OF THE SETTLEMENT AGREEMENT IS WARRANTED

12. The Trustee, in performing his fiduciary obligations, has determined that the settlement is fair because the issue of the liquidation value of Debtor Howard's minority interests in the Hacienda Group Entities is difficult due to their limited marketability, the facts underlying the alleged advances to Mr. Howard were unclear, at best, and the Hacienda Group Entities raised various defenses including offset of any claim against the Hacienda Group Entities. Both the Trustee and the Hacienda Group engaged accountants to analyze the valuation of the partnerships and the cash advances. In light of the above, the Trustee has determined the settlement to be reasonable.

13. Bankruptcy Rule 9019 provides that "[o]n a motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). In ruling on a motion pursuant to Bankruptcy Rule 9019(a), the court must find that the proposed settlement is fair and equitable and is in the best interests of the estate. Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968). Fischer v. Pereira (In re 47-49 Charles Street, Inc.), 209 B.R. 618, 620 (S.D.N.Y. 1997); In re Ionosphere Clubs, Inc., 156 B.R. 414 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994); In re Fugazy, 150 B.R. 103 (Bankr. S.D.N.Y. 1993).

14. In order to reach such a decision, the Court must be apprised "of all facts necessary for an intelligent and objective opinion" of whether the claim will be successful, the likely expense, length and the degree of complexity of the litigation, the potential difficulties of collecting on a judgment "and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." TMT Trailer Ferry, 390 U.S. at 424-425.

15.     To constitute a fair and equitable compromise or settlement, the Court must find that the settlement does not "fall below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W.T. Grant Co)., 699 F.2d 599, 608 (2d Cir.1983)(quoting Newman v. Stein, 464 F.2d 689, 693 (2d Cir.) cert. denied, 409 U.S. 1039, 93 S.Ct. 521 (1972)), cert. denied, 464 U.S. 822, 104 S. Ct. 89 (1983); In re Drexel Burnham Lambert Group, Inc., 138 B.R. 723, 758-59 (Bankr. S.D.N.Y. 1992); In re International Distribution Centers, Inc., 103 B.R. 420, 423 (Bankr. S.D.N.Y. 1989).

16.     The Court should also consider the fair and reasonable course of action for the Debtors' estate, with the limited available assets, giving consideration to the interests of creditors and the avoidance of burdening the estate with undue waste or needless or fruitless litigation. In re Del Grosso, 106 B.R. 165, 167-168 (Bankr. N.D. Ill. 1989) (citation omitted). See also In re Culmtech, Ltd., 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990); In re Lawrence & Erausguin, Inc., 124 B.R. 37, 38 (Bankr. N.D. Ohio 1990); In re Bell & Beckwith, 93 B.R. 569, 574-75 (Bankr. N.D. Ohio 1988).

17.     The Court is not required to conclusively determine the merits of a claim subject to compromise or to find that a proposed settlement constitutes the best results obtainable to ensure that the settlement reaches the threshold of reasonableness. Instead, the Court should "canvass the issues" to determine whether the proposed settlement is fair and equitable, is in the best interests of the estate and otherwise does not fall outside the range of reasonableness. In re Apex Oil Co., 92 B.R. 847, 866-67 (Bankr. E.D. Mo. 1988).

18.     The Trustee submits that the Settlement Agreement is reasonable based on all the facts and circumstances of the case, and will prevent further protracted litigation, which has

7

already cost a significant amount of attorneys' and other professional fees to the Debtors' Estate. In addition, the Trustee believes the terms of the Settlement Agreement (namely, the transfer of 100% of Mr. Howard's ownership interests in The Hacienda Group Entities to Frahm and Wittek in exchange for a payment to the Estate of $100,000 and The Hacienda Group's agreement not to receive a distribution from the Estate), is fair, equitable, in the best interests of the Debtors' Estate and its creditors and well within the range of reasonableness. Additionally, since this resolution will bring into the Estate the last of the Debtors' assets, approval of the Settlement Agreement will effectively resolve the administration of this bankruptcy case and will allow the Trustee to prepare a distribution. Accordingly, the Trustee hereby seeks approval of the Settlement Agreement.

## NOTICE AND PROCEDURE

19. Contemporaneously with the filing of the Application, the Trustee filed with the Court and served by first class mail a notice of the relief requested in this Application upon counsel to all creditors and parties in interest who are entitled to notice pursuant to Bankruptcy Rule 2002. The Trustee respectfully submits that notice of this Application has complied with Bankruptcy Rule 2002 and is otherwise reasonable and appropriate, and that no other or further notice of the relief requested herein is warranted or required.

## NO PRIOR RELIEF

20. No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE,** the Trustee respectfully requests that the proposed order annexed hereto as Exhibit "B" approving the Settlement Agreement be entered pursuant to section 363(f) of title 11 of the United States Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure, and that the Court grant such other and further relief as is just and proper.

Dated: White Plains, New York
       May 2, 2012

                                    OXMAN TULIS KIRKPATRICK
                                    WHYATT & GEIGER LLP

                                    By:   Mark S. Tulis, Esq.
                                    120 Bloomingdale Road
                                    Suite 100
                                    White Plains, New York  10605
                                    (914) 422-3900